The opinion of the Court was delivered by
Inglis, A. J.
The Chancellor, in his judgment, very satisfactorily demonstrates that, in the facts which constitute this case and under the principles of law applicable to them, the plaintiff has no equity whatever to restrain the defendant, Ann E. Wright, from proceeding by a sale of the intestate’s land under execution, to complete the satisfaction of her judgment, which had been commenced by the levy in his lifetime. At his death this land descended upon his statutory heirs, subject, not only to a general liability, as assets under the statute, for all his debts, but especially to the then subsisting lien or incumbrance of the defendant’s judgment. The plaintiff who purchased (what alone the Court could sell) the estate of those heirs, of course took it cum onere, and with full notice thereof. It would be most inequitable to turn the defendant, Ann E. Wright, round, *138 from the prompt and effective remedy of her execution, to the delay, expense, and embarrassment, incident to a pursuit of the personal assets in the hands of the administrators, or of the personal responsibility of such administrators and the sureties on their bond.
The propriety of the order dissolving the injunction, which had been granted by the Commissioner, is abundantly vindicated by the reasoning of the decree and the authorities therein cited; and this Court does not feel it necessary to add anything thereto. It need scarcely be added, that the plaintiff may, in his present suit, still pursue his equities against the personal representatives of the intestate William Berry.
The circuit order is affirmed and the appeal dismissed.
Dunkin, C. J., and Wardlaw, A. J., concurred.

Appeal dismissed.